```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY


JOSEPH FRESOLONE,                :
                                 :    HONORABLE JOSEPH E. IRENAS
          Plaintiff,             :  CIV. ACTION NO. 12-3312(JEI/AMD)
                                 :
                                 :            OPINION
     v.                          :
                                 :
FISERV, INC.,                    :
                                 :
          Defendant.             :
```

**APPEARANCES:**

LAW OFFICES OF MARK S. NATHAN
By:  Mark S. Nathan, Esq.
416A Black Horse Pike
Glendora, New Jersey 08029
          Counsel for Plaintiff

KLEHR HARRISON HAVEY BRANZBURG LLP
By:  Carianne Torrissi, Esq.
457 Haddonfield Road, Suite 510
Cherry Hill, New Jersey 08002
          Counsel for Defendant


**IRENAS**, Senior District Judge:

Plaintiff Joseph Fresolone brings this ERISA suit[1] against his former employer, Fiserv, Inc., alleging that Fiserv wrongfully terminated him for cause, and therefore wrongfully denied him severance benefits and earned bonus pay.  Fiserv moves to dismiss Fresolone's bonus pay claim as preempted by

---

[1] The Court exercises federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

ERISA.  Fresolone opposes the Motion and cross-moves to amend his Complaint to add an ERISA claim relating to the bonus pay.  For the reasons stated herein, Fiserv's Motion to Dismiss will be denied and Fresolone's Motion to Amend will be granted.

## I.

The Complaint alleges the following facts relevant to the present motion.  Plaintiff Fresolone was a "Network Director/Engineer" with Fiserv.  On November 12, 2010, Fiserv terminated Fresolone after more than 15 years of employment.  Fiserv terminated Fresolone for cause because it "alleged that [Fresolone] had improperly used a shared company computer to access prohibited internet sites."  (Compl. ¶ 8)[2]  Fresolone asserts that such allegations are false, and further alleges that he provided Fiserv "records demonstrating that he was not present at work when the alleged improper conduct occurred."  (Compl. ¶ 11(a))

Fresolone asserts that if he had been terminated for any reason other than for cause, he would have received: (1) "severance pay pursuant to the ERISA Qualified Severance Pay Plan;" and (2) "bonus funds under the Defendant's 2010 Annual Cash Incentive Program ("ACIP")."  (Compl. ¶ 9)  He argues that

---

[2] Fiserv alleges in its moving brief that Fresolone accessed pornographic websites.

because no cause actually existed to terminate him, Fiserv wrongfully denied him severance and bonus pay.  Accordingly, the Complaint asserts two claims: one claim for severance pay; and one claim for bonus pay.  The parties apparently do not dispute that the claim for severance pay is a claim pursuant to ERISA and that the bonus pay claim is a breach of contract claim pursuant to state law.[3]

Fiserv moves to dismiss only the bonus pay claim, asserting that it is preempted by ERISA.  Fresolone cross-moves to amend his Complaint to add an ERISA claim for bonus pay.

**II.**

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).  While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515

---

[3] Neither Count I nor Count II of the Complaint states what law provides the basis for the claim.  However, the parties' briefs both assume that Count I is pursuant to ERISA and Count II is pursuant to state law.

F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 15(a)(2) provides, in relevant part, "a party may amend its pleading only with the opposing party's written consent or with the court's leave. The court should freely give leave when justice so requires."

**III.**

The Court first addresses the Motion to Dismiss, then the Motion to Amend.

**A.**

The question presented by the instant Motion is whether the Fiserv 2010 Annual Cash Incentive Program ("ACIP") is an ERISA-qualifying plan. In support of its argument that the ACIP is

4

governed by ERISA, Fresolone submits a document entitled "Fiserv, Inc. 2007 Omnibus Incentive Plan" which it asserts, without any evidential support, is the plan that creates the ACIP. Relying on the terms of the 2007 Omnibus Incentive Plan, Fiserv concludes that the plan is governed by ERISA. (See Moving Brief, p. 2-3)

Fresolone apparently does not dispute that *if* the 2007 Omnibus Incentive Plan is the operative plan that governs the 2010 ACIP, then ERISA governs and its state law claim for bonus pay is preempted. However, Fresolone asserts that Fiserv has not adequately demonstrated that the Omnibus Incentive Plan applies to his claim. The Court agrees.

The record contains two documents-- both submitted by Fiserv-- which do not, on their face, have any apparent connection. The first is the 2007 Omnibus Incentive Plan (Ex. A to Defense Counsel's Certification) and the second is a one-page document entitled "2010 Annual Cash Incentive Statement" for Joseph Fresolone (Ex. 1 to Defendant's Reply Brief).

According to Fiserv, the statement (Ex. 1) is the application of specific Omnibus Incentive Plan (Ex. A) terms to Joseph Fresolone. Fiserv further reasons that the Omnibus Incentive Plan must be the applicable plan because it "is the only employee incentive or bonus pay plan offered by Fiserve." (Reply Brief, p. 4) However, Fiserv does not submit a certification from an appropriate corporate representative

5

establishing those assertions as fact. Rather, Fiserv submits the Omnibus Incentive Plan as an attachment to a certification of defense counsel which merely reads, "[a] true and correct copy of the Fiserv, Inc. Omnibus Incentive Plan, a/k/a Fiserv Annual Cash Incentive Plan (ACIP) is attached hereto as Exhibit 'A'."

Moreover, the Court is faced with what is-- at least superficially-- a contradiction in dates: the incentive plan is entitled "2007 Omnibus Incentive Plan" yet Fresolone asserts a claim for bonus pay in 2010. As Fresolone observes, this apparent contradiction is not resolved by reading the Omnibus Incentive Plan because both the effective date and the termination date are not established with precision in the document. The Plan merely provides that it "will become effective . . . on and after the date that the Plan is approved by the Company's shareholders" (Ex. A, ¶1(b)); and "terminate when all Shares reserved for issuance have been issued." (Ex. A, ¶15(a)). Thus, nothing in the current record establishes that the "2007 Omnibus Incentive Plan" is the plan applicable to Fresolone's bonus pay claim.

Fresolone has raised legitimate questions as to whether the Omnibus Incentive Plan is the plan that applies to his claim for bonus pay, and Fiserv has not met its burden of production on this issue. The Court cannot determine whether ERISA applies to Fresolone's bonus pay claim because the operative documents are

not adequately identified.[4]  Accordingly, the Court cannot hold that ERISA preempts Fresolone's state law claim for bonus payments, and Fiserv's Motion to Dismiss must be denied.

**B.**

Fresolone moves to amend his Complaint to assert an ERISA claim for bonus pay against the "Administration Committee for the Fiserv Severance Plan" and the "Compensation Committee of the Board."  His proposed Amended Complaint specifically states that the new count (Proposed Count III) is asserted "as an alternative to the claim/cause of action set forth in Count II."  (Proposed Amended Complaint, ¶ 26)[5]

While Fiserv generally asserts that the Motion to Amend

---

[4] Citing *Miller v. American Airlines, Inc.*, 632 F.3d 837 (3d Cir. 2011), Fiserv asserts that its Motion to Dismiss should be granted because discovery in ERISA cases should be "limited to allegations of bias in the decision-maker or procedural regularities." (Reply Brief, p. 6)  *Miller* is distinguishable because the ERISA claim in that case was based on the termination of long-term disability benefits, not a claim for bonus pay. Moreover, Fiserv's argument puts the cart before the horse.  The claim alleged in the Complaint is a common law breach of contract claim; Fiserv merely argues that the claim is actually an ERISA claim.  As stated above, the record at this time is not sufficiently developed to allow this Court to make an ERISA preemption ruling.  Discovery is warranted as to that issue.

[5] A heading in Fresolone's brief states that he seeks leave to add a wrongful termination claim.  It appears that the heading is merely an error, however.  The argument below the heading concerns adding an ERISA bonus pay claim, not a wrongful termination claim, and the Proposed Amended Complaint contains no wrongful termination claim.

7

should be denied, it makes no argument against adding the proposed ERISA claim. Moreover, as Fresolone correctly observes, the Motion to Amend was filed prior to the deadline for filing such a motion established in Magistrate Judge Donio's scheduling order.

    Fresolone's Motion to Amend will be granted.

### IV.

    For the reasons set forth above, Fiserv's Motion to Dismiss will be denied and Fresolone's Motion to Amend will be granted. An appropriate Order accompanies this Opinion.

January 9, 2013                                     s/ Joseph E. Irenas
                                                           JOSEPH E. IRENAS, S.U.S.D.J.